IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA

v.                                                                  CASE NO. 1:02-cr-00043-MP-AK

DEMETRIUS GERMAINE KENNEDY,

    Defendant.
_____/

### REPORT AND RECOMMENDATION

This matter is before the Court on Doc. 368, Amended Motion to Vacate, Set Aside, or Correct Sentence, Doc. 371, supporting memorandum, by Demetrius Germaine Kennedy. The Government has filed its response, Doc. 377, and Defendant has filed a reply. Doc. 382. This cause is therefore in a posture for decision.[1] Having carefully considered the matter, the Court recommends that the motion be denied.

### BACKGROUND

Defendant Kennedy was indicted with two co-defendants for conspiracy to distribute and to possess with intent to distribute more than 50 grams of crack cocaine and with distribution of more than 50 grams of crack cocaine. Doc. 41. After a jury trial, Defendant was convicted on both counts, Doc. 209, and later sentenced to 360 months imprisonment on Count One and 240 months imprisonment on Count Two, to run concurrently. Doc. 268.

---

[1] Also pending in this case is a motion by instant Defendant Kennedy for appointment of counsel regarding the retroactive amendments to the Guidelines. Doc. 406. That motion was properly action required to the district judge and is not before the undersigned for consideration.

Defendant appealed, arguing that the Court erred in setting his base offense level as "there was not evidence presented at trial that he distributed 20 kilograms of cocaine, in giving him a two-level enhancement for obstruction of justice not related to the offenses of conviction, and by denying him a two-level reduction for acceptance of responsibility though he admitted to being a part of the conspiracy. Doc. 336. The Eleventh Circuit affirmed, finding no error. *Id*.

The instant motion to vacate followed. On this occasion, Defendant raises eighteen grounds for relief, each of which will be considered in turn.

**DISCUSSION**

    1.    Violation of *Jones*.

The Government concedes that technically the Court violated *United States v. Jones*, 899 F.2d 1097 (11th Cir. 1990), when it sentenced Defendant. It claims, however, that Defendant waived the error or, alternatively, that he suffered no harm from the error.

Pursuant to *Jones*, the district court must allow the parties a final opportunity after sentence is imposed to articulate fully their objections (1) to the sentence, (2) to the Court's ultimate findings of fact and conclusions of law, and (3) to the manner in which the Court imposed sentence. *Jones*, 899 F.2d at 1102. The purpose of this requirement is to ensure that all objections to the sentence have been raised in the trial court and that the ground for each objection has been clearly stated. *Id*. Asking counsel merely if there is "anything else" is insufficient to meet the requirements of *Jones*. *United States v. Holloway*, 971 F.2d 675, 681 (11th Cir. 1992). When the court fails to comply with the requirements of *Jones*, the court of appeals generally "will vacate the sentence [on direct appeal] and remand for further sentencing in order to give the parties an opportunity to raise and explain their objections." *Jones*, 899 F.2d at 1103.

This case is not, however, in the posture of a direct appeal, and because *Jones* error must be raised on direct appeal, the failure to "advance an available challenge to a criminal conviction or sentence on direct appeal" bars Defendant from presenting the claim in this post-conviction proceeding. *Lynn v. United States*, 365 F.3d 1225, 1234 (11th Cir. 2004). Defendant can avoid this procedural bar "only by establishing one of the two exceptions to the procedural default rule." *Lynn*, 365 F.3d at 1234. Under the first exception, he must show cause for not raising the error on direct appeal and actual prejudice from the alleged error. *Id*. To establish cause requires a showing that "some objective factor external to the defense prevented [Defendant] or his counsel from raising his claims on direct appeal and that this factor cannot be fairly attributable to [Defendant]'s own conduct." *Id*. at 1235. Ineffective assistance of counsel can constitute cause for a procedural default. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Even if he fails to establish cause and prejudice, under the second exception, the procedural default will be excused if a constitutional violation has probably resulted in the conviction of someone who is actually innocent. *Lynn*, 365 F.3d at 1234. "[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 624 (1998).

*Jones* error is not constitutional in nature, and thus, actual innocence is not a consideration. Therefore, the only question is whether Defendant can establish cause and prejudice for failing to raise the issue at sentencing and on direct appeal. According to Defendant, both trial and appellate counsel were ineffective in failing to raise the *Jones* error, as *Jones* was decided many years before sentencing in this case, the error was obvious, and reversal for resentencing would have been mandated. Though the Court agrees that *Jones* had long been the law in this circuit at the time of Defendant's sentencing, the Court does not agree that the Eleventh Circuit would necessarily have

vacated the sentence and remanded for resentencing if the issue had been preserved and presented on direct appeal.  At the sentencing hearing in this case, the Court, before sentencing, asked counsel if he wanted to add anything regarding the Presentence Report, to which counsel responded that he had nothing "to add to what has already been said as part of the record."  Doc. 304.  After sentencing, the Court asked, "[A]nything else?" to which counsel responded, "If he wants an appeal, I'll make sure that it is timely filed."  *Id.*  While the Court's summary question after sentencing clearly was insufficient and resulted in a technical violation of *Jones*, and although the *Jones* court had said that resentencing must occur when the Court fails to allow the parties fully to articulate their objections post-sentencing, if the record is sufficient to review the substantive grounds raised on appeal related to the sentencing, the Eleventh Circuit has noted the technical violation in passing only.  *United States v. Cruz*, 946 F.2d 122, 124 n.1 (11th Cir. 1991).

   Thus, even if counsel had raised the issue, there is not a reasonable probability that the outcome of the appeal would have been different.  Like the *Cruz* record and quite unlike the *Jones* record, the record in this case shows that the issues ultimately raised in Defendant's appeal regarding the Court's sentence calculation were in fact fully explored at the sentencing hearing.  *See Jones*, 899 F.2d at 1102 ("this appeal could have been avoided if the court, after pronouncing sentence, had asked counsel whether there were any objections...other than those previously stated for the record" as the defendant "would have waived the points he presents in this appeal" if he had not voiced them at sentencing).  By the conclusion of sentencing in this case, counsel had already told the Court that he was satisfied that he had preserved his record for appeal, which, in fact, he had, and thus, there is not a reasonable probability that the court of appeals would have vacated and remanded for resentencing.  Even if had, there is not a

reasonable probability that the outcome of the resentencing would have been different since counsel had already covered everything he wanted to cover regarding objections to the PSR, and Defendant has not pointed to anything which would have altered the result of resentencing if it had occurred.

Therefore, having failed to show cause for not raising the *Jones* issue on appeal, it is barred from further consideration in this proceeding.

2. Failure of counsel to object to drug quantities.

In this claim, Defendant charges that counsel was ineffective for failing to object to drug quantities which were erroneously attributed to him. Counsel did in fact challenge the drug quantities at sentencing and on appeal. The Eleventh Circuit rejected the claim that there "was insufficient evidence to conclude he was responsible for 20 kilograms of cocaine...." Doc. 336. Because the issue was fully explored on appeal, it will not be reconsidered here. *See United States v. Nyhuis*, 211 F.3d 1340, 1343 (11th Cir. 2000), *cert. denied*, 531 U.S. 1131 (2001).

3. Failure of Court to resolve all objections to PSR.

According to Defendant, the Court failed to resolve his objection regarding acceptance of responsibility. Although the Court did not make a specific finding regarding acceptance, the issue was preserved for appellate review and was considered and rejected in that venue. *See* Doc. 336. Apparently, counsel and the court of appeals considered the issue to have been resolved adversely to Defendant, and he was not prejudiced by the Court's oversight.

4. Failure of counsel to call defense witnesses.

In this claim, Defendant argues that he gave counsel a list of witnesses who were with him at the relevant times and would have refuted the testimony of the Government's witnesses.

He does not now advise the Court of the witnesses' identities or the substance of their proposed testimony. The Court is therefore left to speculate that their testimony would have changed the outcome of the trial. This is plainly insufficient to meet Defendant's burden of proving his attorney was ineffective in failing to call witnesses at trial, as a "silent record is not sufficient to disprove the strong and continuing presumption...that [counsel] did what he should have done and that he exercised reasonable professional judgment." *Chandler v. United States*, 218 F.3d 1305, 1314 n.15 (11th Cir. 2000) (en banc), *cert. denied*, 531 U.S. 1204 (2001).

     5.     Violation of right to jury selected from cross-section of community and failure of counsel to investigate and object to this issue.

According to Defendant, the "[u]nderrepresentation of African Americans, Hispanics, and other minority races residing in the Gainesville District on master jury list was unfair and violated [his] Sixth Amendment [rights]." The substantive Sixth Amendment issue related to the composition of the venire was not raised in this Court before trial or on appeal, and thus, it is procedurally barred from consideration unless Defendant can establish cause and prejudice or actual innocence. *See supra* at § 1. As noted previously, ineffective assistance of counsel can establish cause for the default.

"The Sixth Amendment guarantees a criminal defendant the right to be indicted and tried by juries drawn from a fair cross-section of the community." *Duren v. Missouri,* 439 U.S. 357, 359 (1979). Though not explicit in the text of the Sixth Amendment, the fair cross-section requirement "is derived from the traditional understanding of how an 'impartial jury' is assembled. That traditional understanding includes a representative venire, so that the jury will be ... 'drawn *from* a fair cross section of the community.'" *Holland v. Illinois,* 493 U.S. 474, 480 (1990) (citation omitted) (emphasis in original). To establish a prima facie case that a jury selection process does not produce a fair cross-section of the community, a defendant must show (1) that the group alleged to be excluded is a distinctive group in the community, (2) that representation of the group in venires is not fair and reasonable in relation to the number of such persons in the community, and (3) that the underrepresentation is due to systemic exclusion of the group in the jury-selection process. *Duren,* 439 U.S. at 364.

Defendant's bald assertion that certain distinctive groups in the Gainesville Division are underrepresented does nothing to prove that counsel was ineffective in failing to challenge either the grand jury or petit venire, as he has offered no proof, as opposed to speculation, regarding either the second or third factor. This is plainly insufficient, and the Court will not presume a deficiency in counsel's performance from a silent record. Defendant has therefore failed to show cause for his failure to raise the issue on appeal so as to overcome the procedural default or to show that counsel acted ineffectively in failing to challenge the panels on Sixth Amendment grounds.

6. Violation of *Brady* and failure of counsel to object to and investigate this issue.

In this claim, Defendant maintains that the Government violated *Brady* when it failed to disclose the latent fingerprints "from the bag that contained the alleged drugs that movant supposedly sold to the paid informant Williams on August 16, 2002, based on whose testimony movant received the draconian sentence of 240 months." According to him, if the Government had disclosed this information, he would have been able to prove his actual innocence on Count Two. He also claims that he was entitled to an independent analysis of the drugs underlying Count Two.

Any substantive claim of a *Brady* violation is procedurally barred unless Defendant can establish cause and prejudice for the default or actual innocence, as this type of issue is plainly one intended for resolution on direct appeal. The related ineffective assistance of counsel claim is, of course, not procedurally barred, and to resolve both the cause issue and the ineffective assistance of counsel issue, the Court must necessarily examine the *Brady* claim.

To establish a *Brady* violation, Defendant must first show that the Government possessed evidence favorable to Defendant. *Brady v. Maryland*, 373 U.S. 83 (1963). Even if the Court assumes there were fingerprints on the bag containing the drugs sold to Victoria Williams which did not belong to Defendant, he cannot establish that the Government "possessed" such information in the first place, as there is no evidence that the Government ever obtained any fingerprints at all from the bag.

Furthermore, there is not a reasonable probability that even if the Government had possessed such allegedly exculpatory evidence (which, of course, requires the Court further to assume that the Government knew about this evidence), the outcome of the proceedings would

have been different, the fourth *Brady* element.  An undercover officer drove Williams to a residence to make a controlled buy of crack cocaine.  The officer personally observed Defendant at that residence, and Williams testified that it was Defendant, known to her as "Hulk," who personally sold her the crack.  Doc. 302 at 63 & 66; 87-93.  The drugs were analyzed by an expert and found to consist of 4.7 grams of cocaine base.  *Id*. at 107.

While Defendant maintains he was entitled to an independent analysis of this evidence, he does not offer anything to suggest that the drugs sold to Williams were anything other than what the Government's expert found.  Counsel was not required to get an independent analysis of the evidence when there is nothing to place the findings of the Government's expert in question or otherwise to show that the outcome of an independent analysis would have benefitted Defendant.  Again, speculation is insufficient to raise error on counsel's part, and this claim should be denied.

> 7. Failure of counsel to object to judgment and sentence without proof that drugs were "crack cocaine."

According to Defendant, the Government failed to prove that the drugs at issue were "'smokable,'" or that they were crack cocaine.  There was sufficient proof at trial that the drugs involved in the conspiracy and the substantive count were crack cocaine, and thus, counsel did not act deficiently in failing to lodge frivolous objections.  Doc. 302 at 16, 107-08, 125, 135, 151, 160, 168, & 177.

> 8. Failure of counsel to explore plea agreement with Government and failure to inform Defendant of Government's interest in offering plea.

In this claim, Defendant alleges that counsel was ineffective for failing to explore a plea agreement "on account that counsel erroneously believed that movant faced a life sentence without a possibility of sentence reduction," and for failing to inform Defendant "of the government's interest in offering movant a plea agreement in lieu of going to trial and give movant an opportunity to cooperate...for a sentence reduction." Though he maintains that he advised counsel that he wanted to plead guilty and that counsel failed to communicate that information to the Government, he has not offered any supporting proof. Plainly, Defendant bears the burden of showing counsel's ineffectiveness, and again, a bald assertion without specifics or supporting proof is insufficient to carry the day. Furthermore, there is no evidence that the Government was interested in offering movant a plea agreement or that it in fact offered counsel an agreement which he failed to present to Defendant. Again, Defendant bears the burden of proof on this issue, and he has offered no proof whatsoever to support his claim.

> 9. Failure of counsel to raise *Apprendi* violation regarding drug quantities.

This claim is without merit. The indictment charged Defendant with more than 50 grams of crack cocaine, and the jury found Defendant guilty of those amounts, as reflected in its verdict. The verdict form used was the one approved for use by the Eleventh Circuit, and there is nothing in *Apprendi* or its progeny which prevents the Court from determining drug quantity and other extra-verdict enhancements by a preponderance of the evidence. *United States v. Rodriguez*, 398 F.3d 1291, 1297 (11th Cir. 2005). The law is clear that in a conspiracy case, the relevant conduct of the co-conspirators is properly considered in assessing a defendant's overall

offense level, including the "quantity of drugs that passed through" the co-conspirators. *United States v. Gallashaw*, 213 Fed. Appx. 792, 795 (11th Cir. 2007). Relevant conduct is considered under a preponderance of the evidence standard, not the beyond a reasonable doubt standard. *Id*.

   10.   Failure of counsel to object to Court's error in informing jury of co-defendant's guilty plea.

This claim is also without merit. When a co-defendant who has pled guilty testifies against his alleged co-conspirator, he is plainly subject to impeachment regarding his cooperation with the Government, including whether he has pled guilty to the charges in the instant indictment. In this case, the jury was specifically and properly instructed regarding its consideration of the co-defendant's testimony and the weight to be given that testimony in light of his possible ulterior motives for testifying. Doc. 208. It was also properly instructed that the fact that the co-defendant had pled guilty in this case, was not "evidence, in and of itself, of the guilt of any other person." *Id*. There were no grounds for objecting to the co-conspirator's testimony, and thus, counsel was not ineffective for failing to lodge a frivolous objection.

   11.   Failure of counsel to request instructions regarding conspiracy with government agent or informant.

Indisputably, "it takes at least two to conspire neither of which may be government agents or informers." *United States v. Wright*, 63 F.3d 1067, 1072 (11th Cir. 1995). In this case, neither of Defendant's co-defendants was assisting the Government during the time of the conspiracy as alleged in the indictment but instead began cooperating after their arrests and testified regarding acts committed in furtherance of the conspiracy before their arrests. Thus, counsel was not ineffective for failing to request the instruction suggested by Defendant.

   12.   Failure of counsel to investigate and object to testimony of paid informant.

In this claim, Defendant argues that counsel was ineffective in failing to investigate and object to the testimony of Victoria Williams based on the Government's failure to follow Department of Justice guidelines regarding the use of a paid informant. At the time of the controlled buy involving Williams, this was a state investigation involving state officers. Doc. 302 at 75. Thus, they were not required to follow DOJ guidelines. Furthermore, the DOJ guidelines to which Defendant refers are not constitutional in nature, and therefore, a violation of them is not cognizable on a motion to vacate. Counsel was therefore not ineffective for failing to object to Williams' testimony on this ground.

13.     Failure of counsel to object to hearsay testimony of non-testifying witnesses.

In this ground, Defendant maintains that counsel acted ineffectively when he failed to object to the Government's reference to statements by witnesses that would have corroborated testimony from a co-defendant that Defendant threatened and assaulted her. More specifically, the Government advised the Court at sentencing that it had independent corroborating evidence from witnesses that they heard Banks scream and her car hurriedly leaving the area. Doc. 371 at 31.

"A sentencing court may consider any information, (including hearsay), regardless of its admissibility at trial, in determining whether factors exist that would enhance a defendant's sentence, provided that the evidence has sufficient indicia of reliability, the court makes explicit findings of fact as to credibility, and the defendant has an opportunity to rebut the evidence." *United States v. Baker*, 432 F.3d 1189, 1253 (11th Cir. 2005). It is clear that in finding that Defendant obstructed justice by threatening Banks, the Court did not rely on the Government's generalized statement that it could produce corroborating witnesses to the event, but instead, that

it credited the testimony of Banks herself. While Defendant continues to press that Banks lied, the Court was certainly within its discretion in finding her to be credible. Even if the Court had found the Government's generalized representation of other witnesses to be appropriate for consideration, counsel would have had no grounds for objecting to the specific hearsay testimony. Thus, counsel did not act ineffectively in failing to object to the Government's statements.

14. Failure of counsel to object to perjured testimony of Government witness.

In this claim, Defendant faults counsel for failing to object to Banks' allegedly perjured testimony at sentencing. In particular, he claims that Banks lied when she said that "she would not receive any type of benefit from the government, or its agencies, for testifying against movant," when, in fact, she did receive a benefit from the Government following her testimony. While it would certainly be improper for the Government to induce a witness to commit perjury on the stand, there is nothing untoward in the Government's promising a cooperating witness a benefit for telling the truth. Furthermore, the receipt of a benefit from the Government does not necessarily lead to the conclusion that the witness has lied on the stand. Counsel cross-examined Banks extensively and attempted to impeach her credibility. Doc. 304. The fact that he was unsuccessful in that endeavor does not mean he was ineffective.

15. Failure of counsel to object to prior convictions.

In this claim, Defendant charges that counsel was ineffective in failing to object to the prior convictions which were used to place him in a criminal history category of V. According to Defendant, some of these convictions were juvenile convictions, some were uncounseled, and some were double counted.

As to the juvenile convictions, the Sentencing Guidelines allow the counting of a "juvenile sentence imposed for an offense prior to the defendant's eighteenth birthday" where confinement from that juvenile sentence "extended into the five-year period preceding the defendant's commencement of the instant offense." U.S. Sentencing Guidelines Manual § 4A1.1(b), cmt. n.2; *see also* § 4A1.2(d). Here, Defendant was confined on the two juvenile convictions during 1997-1998, a period of time within the five years preceding the commencement of the conspiracy in this case. They were also separate convictions for separate offenses, and Defendant has supplied no evidence that the convictions were uncounseled, a burden which he, not the Government, bears.

Defendant was not a juvenile when he committed and was incarcerated on the 1998 conviction, for which he was incarcerated in 1999. Even if he had been a juvenile, he was properly assessed for the conviction, and again, he has no evidence that he was not represented by counsel or that it was improperly double counted.

Finally, though Defendant was sentenced in 2001 to concurrent sentences, the crimes underlying the sentence were not related because they were committed months apart with intervening arrests.

Counsel was therefore not ineffective in failing to object to Defendant criminal history category.

16.     Failure of appellate counsel to seek writ of certiorari.

"A criminal defendant does not have a constitutional right to counsel to pursue...applications for review in [the United States Supreme] Court." *Wainwright v. Torna*, 455 U.S. 586, 587 (1982). Consequently, he cannot be deprived of the effective assistance of

counsel when his attorney fails to seek certiorari. *Id*. at 587-88. While the Court does not agree with the Government that "counsel never stated he would file a petition,"[2] it cannot grant Defendant relief on this claim in light of *Torna*.

17.   Violation of *Booker*

*Booker* is not retroactively applicable to cases on collateral review, *Varela v. United States*, 400 F.3d 864 (11th Cir. 2005), and thus, this claim is without merit.

18.   Failure to raise grounds on appeal.

Because none of Defendant's claims have merit, appellate counsel was not ineffective in failing to raise these claims on appeal.

---

[2] Following the affirmance on appeal and denial of rehearing, counsel wrote Defendant a letter, advising him that although petitions for writs of certiorari "are rarely granted," he believed "it is one of those cases w[h]ere we should take our best shot. We have ninety days from the date of the denial of rehearing." Doc. 368, Ex. A. The Court can understand how Defendant would have thought that counsel was going to pursue the petition. *See id*., Ex. B.

**CONCLUSION**

In light of the foregoing, it is respectfully **RECOMMENDED** that Defendant's amended motion to vacate, Doc. 368, be **DENIED**.

**IN CHAMBERS** at Gainesville, Florida, this  8th  day of April, 2008.


*s/ A. KORNBLUM*
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.