IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA

v. CASE NO. 1:02-cr-00043-MP-AK

DEMETRIUS GERMAINE KENNEDY,

 Defendant.
_____/

**O R D E R**

This matter is before the Court on Doc. 441, Motion for Certificate of Appealability ("COA"), and Doc. 436, Motion for Leave to Proceed *In Forma Pauperis* on Appeal, filed by Defendant Demetrius Kennedy.  With regard to the application for a COA, the Court has two issues before it: whether Defendant should be granted a COA, and if so, which issues should be certified for appeal.  Also, with regard to the motion for leave to proceed *in forma pauperis*, the Court must consider whether the appeal is taken in good faith, as the term is used in Fed. R. App. P. 24(a)(3) and (4).  Having considered the facts of this case and the applicable law, the Court finds that Defendant should not be granted a certificate of appealability and that the motion to proceed *in forma pauperis* should be denied.

The COA requirement is a result of amendments made to 28 U.S.C. § 2253 by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214.  All appeals of habeas petitions which are filed after April 24, 1996, the effective date of the AEDPA, require that a habeas petitioner first receive a COA before a circuit court can hear the petitioner's appeal.  See Hunter v. United States, 101 F.3d 1565, 1573 (11th Cir. 1996) (en banc), cert. denied, 117 S.Ct. 1695, 137 L.Ed.2d 822 (1997).  Pursuant to the statute, "[a] certificate of appealability may issue . . . only if the applicant has made a ***substantial showing*** of

the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (emphasis added). Section 2253(c)(3) requires the district court to indicate which specific issues, if any, a habeas petitioner is entitled to raise.

In order to make the requisite "substantial showing of the denial of a constitutional right" under 28 U.S.C. § 2253(c)(2), "a petitioner who has been denied relief in a district court 'must demonstrate that the issues are debatable among jurists of reason; that a court *could* resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further.'"Lozada v. Deeds, 498 U.S. 430, 432, 111 S.Ct. 860, 862, 112 L.Ed.2d 956 (1991) (emphasis and brackets in original) (quoting Barefoot v. Estelle, 463 U.S. 880, 893, n.4, 103 S.Ct. 3383, 3394, n.4, 77 L.Ed.2d 1090 (1983)). If a defendant fails to make such a showing, his or her request for a COA must be denied. See, e.g., United States v. Riddick, 104 F.3d 1239, 1241 (10th Cir. 1997).

In the instant case, Defendant argued that trial counsel was ineffective in failing to object to the calculation of drug amounts, the conversion of powder cocaine into crack cocaine, and failing to raise an Apprendi argument at sentencing. As stated in the order adopting the Magistrate's Report and Recommendation, counsel did in fact raise an objection to the calculation of drug amounts at trial and on appeal. The remaining objections were frivolous, since the Government presented evidence that the substance was cocaine base, and a jury found Defendant responsible for more than fifty grams of crack cocaine. Accordingly, no reasonable jurists would debate the fact that Defendant's motion to vacate was properly denied. Consequently, Defendant cannot make a substantial showing of the violation of a constitutional right and the Application for Certificate of Appealability should be denied.

*Case No: 1:02-cr-00043-MP-AK*

Also, for the reasons given above, Defendant's appeal is frivolous and fails to state a claim upon which relief may be granted. The Court hereby certifies, pursuant to Fed. R. App. P. 24(a)(3) and (4), that the appeal is not taken in good faith and that an appeal may not be taken *in forma pauperis*.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. Defendant's Application for a Certificate of Appealability, Doc. 441, is denied.

2. Defendant's Motion to Proceed *In Forma Pauperis*, Doc. 436, is denied.

3. The Clerk is directed to forward a copy of this order and an updated docket sheet to the Eleventh Circuit Court of Appeals.

**DONE AND ORDERED** this   *25th* day of June, 2008

*s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge